(No. 82-CC-2054-)

*In re* APPLICATION OF KAY F. CLAY.

*Opinion filed April 5, 1982.*

KAY F. CLAY, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (ANDREW R. JARETT, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This claim arises out of the death of Edgar A. Clay, Jr., a member of the Chicago Police Department. The decedent's widow seeks compensation pursuant to the provisions of the Law Enforcement Officers, Civil Defense Members, Civil Air Patrol Members, Paramedics and Firemen Compensation Act (the Act). (Ill. Rev. Stat. 1979, ch. 48, par. 281 *et seq.*) The Claimant is the widow of the decedent as indicated by the verified application for benefits and a copy of the medical examiner's certificate of death attached to said application.

On January 7, 1982, the decedent was on duty at Hyde Park High School, 6220 Stoney Island Avenue, Chicago. Sometime in the afternoon Officer Clay observed a suspect wanted for armed robbery. Officer Clay attempted to effectuate an arrest, but the suspect resisted, causing the officer to fall to the floor, where Officer Clay sustained a broken knee cap. During this occurrence several other school personnel arrived and held the suspect until help arrived.

Due to the knee injury sustained during the attempted arrest, Officer Clay underwent extensive knee surgery. Officer Clay was at home recuperating when a blood embolism developed that traveled to the heart, causing death. The medical examiner's certificate of death, attached to the verified application for benefits, was signed by Dr. Tae Lyong An, on January 26, 1982, and indicates that the cause of death was a massive bilateral pulmonary embolism in association with the recent leg injury.

The Act is concerned with providing additional compensation to those certain members of the public who perform services on behalf of governmental agencies which benefit the public as a whole. Here Officer Clay was killed in the furtherance of his official duties, helping to protect the public. Under these circumstances, we find this claim is compensable under the Act.

It is hereby ordered that the sum of $20,000 (twenty thousand dollars and no cents) be, and hereby is awarded to Kay F. Clay, widow of Edgar A. Clay, Jr., decedent.